IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-01827-PAB

JESSE BARAJAS,

    Applicant,

v.

FRANCIS FALK, Warden, L.C.F., and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

**SUPPLEMENTAL FINDINGS RE
ORDER GRANTING MOTION TO FILE APPEAL OUT OF TIME**

---

This matter comes before the Court on the Order dated November 25, 2015 from the United States Court of Appeals for the Tenth Circuit partially remanding this matter for a determination of whether the time for petitioner to appeal should be reopened under Fed. R. App. P. 4(a)(6).  This Order supplements the Court's Order Granting Motion to File Appeal Out of Time [Docket No. 38].

Under Rule 4(a)(6), the district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

> (A)  the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

> (B)  the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

 (C) the court finds that no party would be prejudiced.

Based on the Motion to File/Accept Notice of Appeal Out-of-Time [Docket No. 30], respondents' response thereto [Docket No. 33], and petitioner's Motion to Supplement Record with Prison Mail Log [Docket No. 35], the Court makes the following findings:

First, petitioner did not receive notice under Fed. R. Civ. P. 77(d) of the entry of judgment or order sought to be appealed within 21 days after entry of judgment. Petitioner has attached an email, which respondents have accepted as authentic, that indicates that Bureau of Prisons staff checked petitioner's legal mail log for the time period July 15, 2015 to September 7, 2015 and determined that petitioner received no legal mail during that time. The final judgment in this matter was issued on July 30, 2015 and was mailed to the petitioner on that date. *See* Docket No. 25. Although the final judgment was sent to petitioner's correct address, the legal mail log confirms petitioner's contention that he did not receive it before he filed his Motion to File/Accept Notice of Appeal Out-of-Time on October 5, 2015, which is more than 21 days after entry of judgment.

Second, petitioner's Motion to File/Accept Notice of Appeal Out-of-Time was filed within 180 days of the July 15, 2015 entry of judgment. In addition, that portion of the rule stating that the district court may reopen the time for appeal "within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d)" does not apply to petitioner since he did not receive the judgment from the Court. Petitioner states that he did not receive notice of entry of the judgment pursuant to Fed. R. Civ. P. 77(d), but rather learned of it through "searching the law library computer." Docket No.

30 at 1. Since the mailing of the judgment on July 15, 2015, the Court has not sent petitioner another copy of the judgment. Thus, petitioner did not receive notice under Rule 77(d).

Third, the Court finds that no party would be prejudiced. Respondents have indicated that they will not be prejudiced by the Court granting the motion. *See* Docket No. 33 at 5 ("Respondents submit that they would not be prejudiced by the delay").

Wherefore, it is

**ORDERED** that the time to appeal should be reopened pursuant to Fed. R. App. P. 4(a)(6). It is further

**ORDERED** that the Clerk of the Court shall supplement the preliminary record on appeal by transmitting to the Tenth Circuit Court of Appeals a copy of this order.

DATED December 15, 2015.

            BY THE COURT:

            s/Philip A. Brimmer
            PHILIP A. BRIMMER
            United States District Judge